```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

KRISTYN L. HILL                     :   BK No. 10-13417
        Debtor                          Chapter 7


- - - - - - - - - - - - - - - - - -x
STACEY B. FERRARA, TRUSTEE          :
        Plaintiff
v.                                  :   A.P. No. 11-1038


JEAN L. SOSCIA                      :
        Defendant
- - - - - - - - - - - - - - - - - -x
```

## DECISION AND ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

APPEARANCES:

    James G. Atchison, Esq.
    Joseph M. DiOrio, Esq.
    Attorney for Plaintiff/Trustee
    Law Office of Joseph M. DiOrio, Inc.
    144 Westminister Street, Suite 302
    Providence, Rhode Island 02903

    Russell D. Raskin, Esq.
    Raskin & Berman
    Attorney for Defendant
    116 East Manning Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 10-13417; A.P. No. 10-1038

Heard on the Trustee's Motion for Summary Judgment, filed pursuant to the Rhode Island Uniform Fraudulent Transfer Act, R.I. Gen. Laws § 6-16-1, et seq, and under 11 U.S.C. §§ 548, 550, seeking to avoid a transfer of property by the Debtor to her mother.

**FACTS**

The Defendant Jean L. Soscia ("Soscia") is Debtor Kristyn L. Hill's mother. In 1989, Soscia was the sole owner of property on Elmhurst Avenue, Cranston, Rhode Island (the "property"[1]), which she acquired as the surviving joint tenant upon her father's death. In 1992, without Hill's knowledge, Soscia executed a deed conveying the property to Hill and herself as joint tenants. In the late 1990's Hill became aware that her name was on the title to the property, but she did not reside there and never paid any of the expenses associated with ownership of the property – Soscia paid everything.

Soscia's initial intent in conveying the property to Hill in 1992 was her pro se effort to "[k]eep it in the family"[2] the same way that her father had done for her, and Hill shared her mother's belief, thinking that the house would be hers after her mother's

---

[1] The property is a single family, three bedroom ranch house.

[2] Trustee's Exhibit A, Deposition of Jean Soscia, page 26, lines 20-23.

1

BK No. 10-13417; A.P. No. 10-1038

death.[3] In early 2010, Soscia learned from her daughter that she was having financial problems,[4] became concerned with protecting the property, and directed Hill to "take her name off the deed."[5] Finally, on April 16, 2010, Hill yielded to family pressure and executed a deed prepared by Soscia's attorney, conveying her interest in the property back to her mother,[6] for no consideration. The property is valued for tax purposes at $179,600 and, is unencumbered. Four months after she executed the transfer back to her mother, Hill filed this Chapter 7 case, listing assets of $266,068 and liabilities of $420,378, (not including the subject property).

## DISCUSSION

Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056, entitles the moving party to judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one

---

[3] Trustee's Exhibit B, Deposition of Kristyn Hill, page 44, lines 18-21.

[4] Hill's deposition testimony revealed that she was receiving collection calls from creditors in early 2010, well before the transfer. Ex. B, page 21 lines 8-9.

[5] Ex. A, page 32, line 24, page 33, line 1.

[6] Ex. B, page 64, lines 18-22.

2

BK No. 10-13417; A.P. No. 10-1038

that has the potential of affecting the outcome of the case." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-250 (1986).

There are no disputed issues of fact in this case. The property was transferred well within the two year limit governing fraudulent transfers under § 548(a)(1), and that section provides: "The trustee may avoid any transfer ... of an interest of the debtor in property ... that was made ... within 2 years before the date of the filing of the petition, if the debtor voluntarily ... (A) made such transfer ... with actual intent to hinder, delay or defraud any entity to which the debtor was ... indebted." Hill was insolvent when she made the transfer, and the Defendant was worried that her daughter's creditors might be able to reach the house. Hill agreed with the family's concerns, and transferred her interest back to her mother. This scenario satisfies the element of intent required "to hinder, [or] delay" creditors. § 548(a)(1)(A).

A remaining issue is the nature of the transferred interest. The Defendant contends that Hill held only bare "legal title" to the property, and therefore said interest was not, and could not be property of the bankruptcy estate under 11 U.S.C. § 541(d). Soscia has not pointed out for us any part of the summary judgment record

3

BK No. 10-13417; A.P. No. 10-1038

to support a defense based upon a bare legal title theory, and she may not rest on conclusionary allegations to thereby create disputed issues of fact. Here, the record shows that Soscia intended to create *at least* a survivorship interest in the property for Hill's benefit, and apparently Hill also had this understanding, because as she put it, "my name was on it,"[7] just as Hill's grandfather had passed the house along to her mother. Any such survivorship or fee simple interest was the Debtor's property and should have been so scheduled under § 541 in her Schedule A ("list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant").

Hill's transfer of at least a survivorship interest(for no consideration) to her mother, an "insider," 11 U.S.C. § 101(31)(A)(I), was fraudulent as to creditors under § 548. *Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1254 (1st Cir. 1991)( trustee can avoid transfer if its purpose "was to prevent creditors from obtaining satisfaction of their claims against the debtor by removing the property from their reach.")

Based on this abbreviated discussion, summary judgment should enter for the Trustee as follows:

---

[7] Ex. B, page 44, lines 18-21.

Document Page 6 of 6

BK No. 10-13417; A.P. No. 10-1038

1. The transfer of the Debtor's survivorship interest in the property to Defendant, Jean Soscia, is avoided under § 548, and the Trustee is authorized to take any steps necessary, pursuant to 11 U.S.C. § 550, to recover said interest, or the value thereof, for the benefit of this estate.

Enter.

*[signature: Arthur N. Votolato]*

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 6/1/12